**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

FILED
LOGGED
ENTERED
RECEIVED

SEP 2 6 2022

CLERK, AT GREENBELT
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

DEPUTY

Jerez coleman, 1-17-95,
182468, 115 West Dover
Street, Easton, MD 21601,

*

*

*

*

*(South Harrison Street, Easton, MD 21601)

_____
*(Full name, date of birth, identification #, address of petitioner)*

**Plaintiff,**

v. City of Talbot county, MD (14 South Harrison street, Easton, MD 21601)
Personal and
Judge Stephen Kehoe (official capacity)
11 N. Washington street, Suite 16, Easton, MD,   (personal and official capacity)
Personal and
Joseph Coale (official Capacity), Brian Frosh, Sydney Campen, 11 N. Washington
20 N. West street, easton, MD    20th Fl, Baltimore, MD,    street, Suite 16
(official capacity), 200 Saint Paul Place,         Easton, MD 21601
Easton, MD, Terry Kokulis, 115 West* Dover street, easton, MD, Christina Tyler
(Attached clearly on seperate page) 115 West Dover street, easton, MD

Amanda Tandin, 115 West Dover street
Easton, MD 21601

_____
*(Full name and address of respondent)*

**Defendant(s).**

**Case No.:** _____
*(Leave blank. To be filled in by Court.)*

<u>**COMPLAINT**</u>

I. Previous Lawsuits

   A. Have you filed other cases in state or federal court dealing with the same facts as in this case or against the same defendants?

      YES ☑     NO ☐

   B. If you answered YES, describe that case(s) in the spaces below.

     1. Parties to the other case(s):

       Plaintiff: Jerez coleman

       Defendant(s): Terry Kokulis, Christina Tyler, Brian Frosh

     2. Court (if a federal court name the district; if a state court name the city or county):

       United States District Court, 101 W. Lombard street, Baltimore, MD 21201

Defendants
Names and
Addresses
(Clearly)
I couldn't fit on
small spaces                          9/14/22

Jerez Coleman

Clerk of court;

This is the defendants names and addresses

more clearly.

· Plaintiff; Jerez Coleman, 115 West Dover Street,

Easton, MD 21601, DOB: 1/17/45, # 182468

· Defendants: Talbolt County, Maryland; 14 South Harrison

Street, Easton, MD 21601, - Terry Kokalis, in his official

capacity as Director of the Talbolt County Department of

Corrections, 115 West Dover Street, Easton, MD 21601, Brian

Frosh, in his official capacity, as Attorney General of

Maryland, 200 Saint Paul Place, 20th Floor, Baltimore, MD,

21202, Amanda Tondin, in her official capacity, as

Pretrail services coordinator of the Talbolt County Department

of corrections, 115 West Dover Street, Easton, M.D 21601,

Joseph Coale, in his Personal and official capacity, as

Dep.
County attorney of the Talbolt county states Attorney office,

20 N. West Street, Easton, M.D, 21601, Stephen Kehoe,

in his Personal and official capacity as circuit court

Judge for Talbolt county, 11. N. Washington Street, suite

16, Easton, MD 21601, sydney Campen, in his Personal and

official capacity as circuit court Judge for talbolt county, MD,

11 N. Washington Street, suite 16, easton, MD 21601, Christina

Tyler, in her officia capacity as Deputy Director, of

the Talbolt county Department of corrections, 115 West

Dover Street, easton, MD, 21601

3. Case No.: _JRR-22-1985( 1:22-cv-01985-JRR)_

4. Date filed: _8/10/22_

5. Name of judge that handled the case: _Julie R. Rubin_

6. Disposition (won, dismissed, still pending, on appeal): _Pending ( writ of Habeas_
   _corps) (currently in litigation)_

7. Date of Disposition: _Pending ( In litigation)_

II. Administrative Proceedings

A. If you are a prisoner, did you file a grievance as required by the prison's administrative
   remedy procedures?

   YES ☑    NO ☐

   1. If you answered YES:

      a. What was the result? _The Jail stated, Judge Kehoe and_
         _the prosecutor handles it_

      b. Did you appeal? _The court of special appeals (Denied)_
         _( CSA-ALA-0450-2022)_
         YES ☑    NO ☐

   2. If you answered NO to either of the questions above, explain why: _____

      _____

      _____

III. Statement of Claim
   (Briefly state the facts of your case.  Include dates, times, and places.  Describe what each
   defendant did or how he/she is involved.  If you are making a number of related claims,
   number and explain each claim in a separate paragraph.) _-see Attached_

   _____

   _____

   _____

   _____

   _____

IV. Relief — See Attached

(State briefly what you want the Court to do for you.)

Declaratory, Injunctive and compensatory relief as well as the 5th, 14th, 8th, 6th Amendments. The ~~subseschédulée~~ city's fixed bail schedule is unconstitutional, the city's policy and practice of ~~schedule thee keeps them~~

detaining arrestees (Indigent) solely on the ~~possessions~~ arrest charge, and does not take individual circumstances into account. The court should find this to be unconstitutional.

SIGNED THIS __14th__ day of __september__ , __2022__ .

_(signature)_

Signature of Plaintiff

Jerez coleman

Printed Name

115 west Dover street, easton, MD
21601

Address , Mam 3 #

240-495-5703 / 252-518-3738

Telephone Number

Jerezcoleman(a)me.com

Email Address

Class Action Complaint

Jerez Coleman          (Introduction)          9/14/22

This case is about the city of talbot county jailing some of it's poorest people and the poorest people in the Maryland region because they cannot pay a small amount of money. Jerez Coleman was arrested on 9/14/22, and is currently detained by defendant terry kokalis (Warden) because I cann't afford to pay the amount of money generically set by the secured "bail schedule used by the city of talbot county, it's police department, and issued by Talbot county circuit court judge, stephen kehoe. In Talbot county, M.D, most people arrested for misdemeanor or felony offenses, either on a no bond or upon payment of cash bond amount. The bonds ranges from several hundred to several thousand dollars. If a person is charged with multiple offenses, the fixed amount for each offense is added together to determine the total amount of cash required for release. Those arrestees who are too poor to afford to pay remain in jail because of their poverty for up to three day's without seeing a judicial officer. On behalf of the many other arrestees subjected to the city's unlawful and ongoing post-arrest money-based detention scheme, I (The plaintiff), challenges in this action, the use of an unlawful generic offense-based "bail schedule" that operates to detain only the most impoverished minor arrestees. The city's policy has no place in modern American law. I on behalf of myself and all others similarily situated, I seek in this civil action the vindication of my fundamental rights injunctive relief assuring that my rights and the rights

of other class members will not continue to be violated,
and a declaration that the city's conduct is unlawful.

### Nature of Action

1.) It is the policy and practice of the city of talbott
canty to refuse to release ~~offenders accused~~ <u>non violent felony</u> and
misdemeanor arrestees from Jail unless they pay a generically
set "bond amount". That amount is $150 to 50,000
for most offenses. ( I make the allegations in this complaint
based on personal knowledge as to matters in which
I had personal involvement and on information and belief
as to other matters). Felony and misdemeanor arrestees
are not subject to the jurisdiction of the city of
Talbott canty and are instead processed according
to policies adopted by the state of maryland.).
Because this sum is set generically by reference to
the alleged offense of arrest, no individualized factors
are considered; and anyone who cannot afford to pay is
held in Jail up to three days before a judicial hearing
in which they could theoretically have an individualized
determination of their bail. In some cases, such as mine
a defendant is not allowed by the judicial officer to
seek an individualized determination of bail. I am
seeking declaratory, injunctive, and compensatory relief.

### Jurisdiction and Venue

2.) This is a civil rights action arising under 42 U.S.C.
1983 and 28 U.S.C. 2201, et seq, and the fourteenth
and 8th Amendment to the U.S. Constitution. This court

has Jurisdiction pursant to 28 U.S.C. 1331 and 1343.

3.) Venue in this cart is Proper pursant to 28 U.S.C. 1391.

Parties

4.) I ~~Saree cokahmaa~~ (The Plaintiff), is a 27 Year old resident of the state of Maryland. Iam the oldest of six siblings and a mom who depend on my support. I represent as an individual and a class of similarly situated People all subject to the city's Post-arrest money-based detention scheme.

5.) Defendant city of talbolt county is a muncipal corporation organized under the laws of the state of maryland. The city operates the Easton Police Department and the Talbolt county circuit cart. The city also contracts with the Talbolt county Detention center to confine arrestees in the custody of the Easton Police Department who can't afford to pay the generically scheduled cash bond. The city notifies the Talbolt county Detention center to ~~detain~~ release arrestees as soon as the cash bond is Paid to the city.

6.) Defendant stephen kehoe is the Judge of Talbolt county circuit cart, organized under the laws of the state of Maryland. Judge kehoe has the authority to admit to bail and discharge " defendants in all but capital cases. As Judge of Talbolt county circuit cart, Defendant kehoe's Jurisdiction extends to state violations. The legislature grants Judge kehoe the authority to issue a bail schedule that fixes

the amount of bail to be set in ~~all arrestees who~~ misdemeanor cases.
~~are unable to~~

7.) Defendant Terry Kokalis is the Warden of Talbot
county detention center. Defendant Kokalis is designated
as "keeper of the public jail...". He has implemented
a policy of following the bail schedule set by Judge
Kehoe and detaining all arrestees who are unable to pay
secured money bail after arrest.

### Factual Background

A.) The named Plaintiff's arrest.

8.) I, Jerez coleman is 27 years old, older sibling of six, see
Exhibit 1, Declaration of Jerez coleman

9.) I was arrested by Montgomery county police on 3/8/22 and
picked up by an easten police officer on 3/9/22. I was
charged with theft: $25,000 to under $100K, Fraud Ident
Info theft $25K-100K and fraud-per Avoid pay $25K. Non violent
matter.

10.) I was taken to the jail and told that I would be
released if I paid cash to the city of talbot county
in the amount of $50,000. I was told that I would be
kept in jail unless I paid $50,000.

11.) I am indigent. I am currently employed and have six siblings
who I depend on, including my mom, as I have brain
cancer and have been denied treatment. After taxes, I
earn $1600, $1200 goes toward medical bills. I don't
own any real property.

12. I saw a judicial officer via video hearing on 3/11/22

I asked Judge Kehoe to review my bail. The Judicial officer set my bail at 50,000 without seeking alternatives or my ability to pay. On 3/18/22, another Judge, named Judge ~~Campen~~ Sidney S. Campen, who refused to hear my argument and indicated that it was not his function to review bail or touch Judge Kehoe's bail set. I then asked a correctional officer, when my next hearing would be, the officers stated they couldn't tell me when a next hearing would be, saying until the court sends TCDC, a docket sheet on the morning of the hearing.

B.) The Defendants' Policies and Practices.

13.) I would be released immediately by Defendant Kokalis if I or a family member paid the amount of money set by the city of Talbot county.

14.) The treatment of myself and other class members is caused by and is representative of the city's post-arrest detention policies and practices.

15.) As a matter of policy and practice, when law enforcement officers in Talbot county make an arrest for a traffic, felony, or misdemeanor violation, Easton Police Department or Talbot county employees inform the arrestee at booking that the person will be released immediately if the person pays money set by a fixed schedule. ( Arrestees are also told that they can contract with a private bonding company by paying the statutorily mandated 10% of the scheduled bail amount, but many ~~poorest~~ impoverished arrestees cannot afford even that amount. Moreover, private bonding companies are under no

obligation to provide a bond and can refuse to pay
any bond in their discretion). The arrestees is told
that the arrestee will remain in jail if the arrestee
is not able to make that payment.

16a) Initial appearances before a Judicial officer for the
purpose of appointing cansel and considering pretrail release
are not available on a daily basis. District cart judges
for Talbalt canty District cart and circuit cart conduct
"zoom call video hearings for appointment of cansel for
arrestees facing municipal or state misdemeanor charges
under the jurisdiction of Talbalt canty circuit cart. Jail
calls may be held two or three times per week, but their
frequency and timing varies with the schedule of the
district
~~circuit~~ cart judge and when judge Kehoe is on duty <ins>(chief Judge)</ins>
for a particular week. An arrestee too poor to buy his
way aut of jail caid wait up to ~~three~~ <ins>three</ins> to five days ~~before~~
appearing a judge in a "jail call". Because even those
hearings are occassionally cancelled, an impaverished arrestee
might spend even longer in jail before a first cart
appearance. In, my case, the judicial officer presiding
over my "jail call" refused to consider my request for
an individualized bail setting and indicated that it was
not his function to review bail or tauch the set bail.

17.) In the period between an arrest and the first appearance
before a judge, defendants do not allow post-arrest release
on recognizance or with an unsecured bond (in which
a person waid be released by promising to pay the

(17) scheduled amount if the person later does not appear). Instead, Defendants require that the money payment amount be secured (i.e, paid up front before release).

18.) Because of talbot county's unusual and illegal policies, it is difficult for the public to obtain accurate details concerning how many impoverished talbot county arrestees are unable to buy their release each week.

### Class Action Allegations

19.) I, the named Plaintiff brings this action, on behalf of myself and all others similarly situated, for the purpose of asserting the claims alleged in this complaint on a common basis.

20.) A class action is a superior means, and the only practicable means, by which the named Plaintiff and unknown class members can challenge the defendants unlawful poverty-based post-arrest detention scheme.

21.) This action is brought and may properly be maintained as a class action pursant to Rule 23(a)(1)-(4) and Rule 23(B)(2) of the federal rules of civil procedure.

22.) This action satisfies the numerosity, commonality, typicality, and adequacy requirements of those provisions.

23.) I, the Plaintiff proposes one class seeking declaratory and injunctive relief. The declaratory and injunctive class is defined as: all arrestees unable to pay for their release pursant to defendants' secured bail schedule who are or who will be in the custody of defendant Kokalis.

A. Numerosity. Fed. R. Civ. P. 23(a)(1).

24.) Each arrestee is presented with the defendants' standard money-bond choice of Pay or Jail. Arrestees are held in Jail for varying lengths of time depending on how long it takes them to make the payment that the Defendants require for their release.

25.) Some arrestees are able to pay for release immediately, others are forced to wait a day or more until they or family members can make the payment. Others are not able to pay or to find someone else to pay for them even after several days of detention.

26.) The number of current and future arrestees subjected to this policy if it is not enjoined is innumerable. Talbot County Jail records would show that there are often several District and circuit court arrestees everyday who have not been able to pay for their release. Including future arrestees, the proposed class contains thousands of people.

B. Commonality. Fed. R. Civ. P. 23(a)(2).

27.) The relief sought is common to all members of the class, and common questions of law and fact exist as to all members of the class. The named Plaintiff (Myself) seeks relief concerning whether the defendants policies, practices, and procedures violate the rights of the class members and relief mandating the defendants to change their policies, practices, and procedures so that the constitutional rights of the class members will be protected in the future.

28.) These common legal and factual questions arise
from one central scheme and set of policies and
practices: the Defendants' post-arrest detention schedule.
The Defendants operate this scheme openly and in
materially the same manner ~~everyday~~ every day. The material
components of the scheme do not vary from class
member to class member, and the resolution of these
legal and factual issues will determine whether all
of the members of the class are entitled to the
constitutional relief that ~~they~~ we seek. Among the most
important, but not the only, common questions of fact are:
• whether Defendants have a policy and practice of
using a "bail schedule" to determine the amount of
money necessary to secure post-arrest release.
• whether Defendants require that scheduled amount of
money to be paid up front before it will release a
person from jail;
• what standard post-arrest procedures Defendants
performs on felony and misdemeanor arrestees; for
example, whether Defendants have any other alternative
procedures for promptly releasing indigent people unable
to afford a monetary payment.
29.) Among the most common question of law are:
• whether a secured "bail schedule" setting standard
amounts of money required up front to avoid post-arrest
detention violates the fourteenth Amendment's due
process and equal protection clauses.

• The fourteenth Amendment Prohibits incarcerating individuals without meaningful consideration of indigence and alternative methods of achieving a legitimate government interest

C. Typicality. Fed. R. civ. P. 23 (a)( 3).

30.) My claims are typical of the claims of the other members ~~members~~ of the class, and I have the same interest in this case as all other members of the class that I represents. Each of us suffers injuries from the failure of the Defendants to comply with the basic constitutional Provisions: we ~~I are~~ are each confined in Jail because we could not afford to Pay the Defendants' standardized cash bond amount. The answer to whether the Defendants scheme of policies and Practices is unconstitutional will determine the claims of myself ~~[crossed out]~~ and every other class member.

31.) If I succeed in the claim that the Defendants' Policies and Practices concerning Post-arrest detention violates my constitutional rights, that ruling will likewise benefit every other member of the class.

D. Adequacy. Fed. R. civ. P. 23 (a) (4).

32.) I, Jerez coleman, is an adequate representative of the class because my interest in the vindication of the legal claims that I raise are entirely aligned with the interest of the other class members, who have the same basic constitutional claims, I am a member of the class, and my interest coincide with, and are not

antagonistic to, those of the other class members.

33) There are no known conflicts of interest among members of the proposed class, all of whom have a similar interest in vindicating their constitutional rights in the face of the unlawful treatment by the local government.

34) I am a current student at howard university graduate law program, also public interest lawyers have interest in representing me in this case. I have extensive knowledge of both the details of the Defendants scheme and the relevant constitutional and statutory law.

35) As a result, I have devoted enormous time and resources to becoming intimately familiar with the city's scheme and with all of the relevant state and federal laws and procedures that can and should govern it. My family has also developed relationships with individuals who have been violated by the city's practices. The interest of the members of the class will be fairly and adequately protected by myself and the attorney's.

E. Rule 23 (B) (2)

36) class action is appropriate because the Defendants, through the policies, practices, and procedures that make up their post-arrest detention scheme, have acted in the same unconstitutional manner with respect to all class members. Defendants have created and applied a simple scheme of post-arrest detention and release: it charges monetary sums typically ranging between $350-50,000 for various arrest, mainly people of color obtain

a high bail or no bail at all. Defendants release those who can pay and detain those who can't. Impoverished arrestees who remain detained eventually have their first appearance before a Judge in the form of a video hearing that is held two or three times per week with a Judge.

37.) The class therefore seeks declaratory and injunctive relief to enjoin the Defendants from continuing in the future to detain impoverished arrestees who cannot afford money payments. Because the putative class challenges the Defendants' scheme as unconstitutional through declaratory and injunctive relief that would apply to every member of the class, Rule 23(B)(2) certification is appropriate and necessary.

38.) Injunctive relief compelling the city to comply with these constitutional rights will similarly protect each member of the class from being subjected to the city's unlawful policies and practices. A declaration and injunction stating that the city cannot use a fixed cash "bail schedule" that jails indigent arrestees but frees arrestees with financial means would provide relief to every member of the class. Therefore, declaratory and injunctive relief with respect to the class as a whole is appropriate.

39.) I, (The Plaintiff), seeks the following relief and hereby demands a jury trail in this cause for all matters so appropriate.                                            →

40.) There are questions of law and fact common to all class members, including

- The fourteenth Amendment Prohibits Incarcerating individuals without meaningful consideration of indigence and alternative methods of achieving a legitimate government interest

41 ○ Bail systems that keep indigent defendants in Jail solely because they cannot pay bail results in the unnecessary Pretrail detention and impede the fair administration of Justice.

(Claims For Relief)

42 ○ The fourteenth Amendment's due Process clause and equal protection clauses have long prohibited imprisoning a person because of the person's inability to make a monetary Payment. Defendant Talbolt county violates my rights by Placing and keeping me in Jail when I can't afford to pay the amount of cash set by the generic fixed bail "schedule" used by Talbolt county.

43 ○ Plaintiff incorporates by reference the allegations in Paragraphs 1-40. (14th Amendment Right to Substantive Due Process)

44.) Cant I: Defendants violate Plaintiff's Rights by Jailing him solely because he cannot afford a money payment.

45.) Plaintiff (Myself) has a fundamental right to Pretrail liberty that may be infringed only where the government establishes by clear and convincing evidence that detention is necessary to protect the governments

interest in ensuring by clear and convincing ~~eva~~ evidence that detention is necessary to Protect the governments interests in ensuring the safety of the community and the appearance of the accused in court, and that no less restrictive alternatives will suffice to Protect these interest.

46.) Defendants maintain Policies and Practices that violate Plaintiffs fundamental right to Pretrail liberty by subjecting me to Pretrail detention without the substantive findings required by the constitution

### Request For relief

Wherefore, Plaintiff (myself) (Jerez coleman) and other class members request that this court issue the following relief:

A.) A declaratory Judgement that the Defendant "city of Talbolt county" violates the named Plaintiff and class members' constitutional rights by Jailing them and keeping them in Jail when they cannot Pay a generically set amount ~~of~~ money to secure release after an arrest.

b.) An order and Judgement Preliminarliiy and Permanently enjoining Defendant "Talbolt county" from enforcing the unconstitutional Post-arrest money based detention Policies and Practices against the named Plaintiff and the class of similarly situated People that he represents,'

c.) A Judgement individually compensating the individual named Plaintiff (myself) for the damages that he suffered as a result of the Defendants unconstitutional and

Jerez Coleman                                    9/14/22

Defendants

47.) Defendant Talbott county, MD (the "canty") is a
municipal corporation formed under the laws of maryland.
The canty is sued for declaratory, injunctive, and monetary
relief. Defendants Stephen Kehoe, sydney Campen (collectively
the Judge defendants) are ~~circuit~~ cart Judges in Talbott
circuit
canty, MD. People who are arrested in the canty regularly
appear before the judge defendants for bail review
hearings. At these hearings, instead of making the findings
Constitutionally required to justify detention or finding that
the state cannot meet it's burden to justify detention and
releasing on recognizance or conditions, the judge defendants
follow a policy and practice of abdicating their legal
duties to decide whether a person will be released
pretrail, and if so without taking into accant indigency or
alternative methods, to the non-judicial officers in the
pretrail division. They along with the state prosecuters issue
a pretrail referral on top of whatever bond amant is in
place. The Judge defendants are sued in their personal
and official capacities, ~~declaratory relief~~ for declaratory relief.

48.) Defendant Amanda Tondin is the ~~clerk~~ chief of the pretrail
division. in Talbott canty who supervises defendants.

49.) When an arrested person is given a pretrail referral
the pretrail division has a policy and practice of taking
weeks or months to process persons ~~referre~~ referred to it,
and of regularly declining to release black defendants
who have been referred to pretrail for arbitrary reasons

not based on factual findings made by a Judicial officer, and not based on clear and convincing evidence that detention is necessary. The Pretrail Division has only two staff members who make Pretrail release decisions in talbolt canty under the supervision of Defendants Kokalis and Tyler, upon Information and belief, the canty only has two employees and does not employ a sufficient number of employees to process the referrals within a constitutionally compliant time period. Defendants Kokalis, Tyler and / ~~Terry Kok~~ Tondin have final policymaking authority with respect to Pretrail release decisions. Defendants Kokalis, Tyler and Tondin are sued in their official capacities for declaratory, injunctive and monetary relief.

50.) Defendant Terry Kokalis is the Director of the talbolt canty Department of corrections. The ~~canty~~ Town of easton and the Department of corrections operates the Jail, which detains people facing criminal charges in the canty. Many People of color are detained despite having been referred to Pretrail. Defendant Kokalis has ~~been~~ delegated decision-making authority regarding Pretrail release conditions to Defendant Tondin, and acquiesces to her decisions. The Department of corrections sets policies and procedures and maintains policy and procedure manuals regarding Pretrail detention and release. Defendant Kokalis is sued in his official capacity for declaratory, injunctive and monetary relief.

51.) Joseph Coale is a Deputy Prosecuter in talbolt canty, states Attorney office, in which, Defendant, Brian Frosh is the ~~overseer~~ designee due to him being a constitutional state ~~actor~~ officer, see Md. const. art. IV, Pt. III. Md Rule 2-124(K). Defendant Coale, at these hearings either request every yang man or woman of color with no bond or a 50,000 bail or higher, not taking into accant indigency or alternative methods of assuring appearance at trail. Defendant Coale and the canty follow a policy of denying bail or making bail extremly high to black defendants, like myself I was given a 50,000 bail which is a direct violation of my ~~4th~~ 8th Amendment right and 14th Amendment). (U.S ~~amend~~ const. amend. VIII. The supreme cart has held that the eighth Amendment's proscription of excessive bail applies to the states through the farteenth Amendment. Schilb v. Kuebel, 404 U.S. 357, 365 (1971). See also, Mills v. State, No. 2385 Sept. term 2014, 2016 WL 2851741, at 17 (Md. App. May 16, 2016) (describing maryland declaration of rights Article 25 as an "analogous provision" to the eighth amendment; Walker v. State, 53 Md. App. 171, 181 (1982) (explaining that article 25 is the "virtually verbatim maryland canterpart" to the eighth Amendments excessive bail clause). Maryland carts have held that maryland declaration of rights article 25 is analogous to the eighth Amendment to the U.S constitution. Defendant

coale is sued in his personal and official capacity for declaratory relief.

52.) Defendants Talbot canty", kokalis, Tyler, Tondin will be the "canty defendants".

53.) In accordance with the requirements of maryland's local government Tort claims Act, Md. code Ann, carts and Judicial Proceedings code 5-304 (2020), my notice of the time, place and circumstances of my injuries was Provided notice to Talbot canty's county executive who is defendant kokalis boss.

Accordingly, I may bring my claim directly under the fifth, eighth and fourteenth Amendments, ~~and~~ and the cart has Jurisdiction to hear the claim under 28 U.S.C. 1331. Federal carts may exercise the traditional Powers of equity in cases within their Jurisdiction to enJoin violations of constitutional rights by government officials. In Ex Parte Yang, the supreme cart first articulated the principle that state government ~~official~~ officials may be sued for acting unconstitutionally even if an ensuing injunction would bind the state. 209 U.S. at 1~~Z~~3. In Philadelphia co. V. Stimson, the supreme cart recognized the applicability of that principle to suits against federal ~~officials~~ officials. 223 U.S. 605, 620, 32 S.ct. 340, 56 L. Ed. 570 (1412) (in case of an injury threatened by his illegal action, the officer cannot claim immunity from injunction Process). More recently, the supreme cart affirmed that this

Principle in Dalton V. Specter: "Sovereign immunity would not shield an executive officer from suit if the officer acted either unconstitutionally or beyond his statutory powers". 511 U.S. 462, 472, 114 S.Ct. 1719, 128 L. Ed. 2d 497 (1994) (citing Larson V. Domestic and Foreign Commerce Corp, 337 U.S. 682, 691 n.11, 69 S.Ct. 1457, 93 L. Ed. 1628 (1949). In Malone V. Bowdoin, the court called this principle the constitutional exception to the doctrine of sovereign immunity". 369 U.S. 643, 647, 82 S.Ct. 980, 8 L.Ed. 2d 168 (1962). I am bringing suit and raising a constitutional challenge to my pretrial detention as the result of actions taken by defendant Kehoe and Coale, who are state officers. Sovereign immunity does not apply. Even absent this constitutional exception, the Administrative Procedure Act (APA) provides a statutory waiver to any defense of sovereign immunity. 5 U.S.C. 702 provides that: An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party. In 2013, the Sixth circuit recognized that this waiver extends beyond suits brought under the APA: We now join all our sister

circuits who have done so in holding that 702's waiver of sovereign immunity extends to all non-monetary claims against federal agencies and their officers sued in their official capacity, regardless of whether plaintiff seeks review of agency action or final agency action as set forth in 704. Muniz-Muniz V. U.S. Border Patrol, 741 F. 3d 668, 673 (6th Cir. 2013); see also Chamber of Commerce V. Reich, 74 F. 3d 1322, 1328, 316 U.S. App. D.C. 61 (D.C. Cir. 1996)( The APA's waiver of sovereign immunity applies to any suit whether under the APA or not). The Attorney General's office and Easton town office (city of Talbolt county) are state agencies, of which defendants Coale, Kehoe, Kokalis, Tandin, Tyler is an officer or employee thereof. I am challenging the actions made by Coale and Kehoe in their personal and official capacities. Accordingly, the APA provides a statutory waiver of sovereign immunity.

Respectfully submitted,

Jerez Coleman
115 West Dover Street

Easton, MD 21601



Claim For relief
(Additional Page.

9/14/22

Cant Two

Fourteenth Amendment right to Procedural Due Process.
All Plaintiffs and All defendants. Procedural due Process
requires sufficient to Protect my substantive right to
Pretrail liberty. See Mattews V. Eldridge, 424 U.S. 319
(1976). These Procedures include, but are not limited to: a
timely individualized hearing, notice of the issues to be
determined, representation by cansel, the opportunity
to Present and confront evidence and make arguments,
findings on the record explaining the basis for any condition
of release imposed and the evidence relied on, and, if
such conditions will result in Pretrail detention, a finding
by clear and convincing evidence that Pretrail incarceration
is necessary because no alternative conditions or combination
of conditions would reasonable ensure the safety of the
community and the Persons future cart appearance.
Maryland Declaration of Rights Article 24 is interpreted
coextensively with the fourteenth Amendment of the U.S
constitution. See Evans VS. State, 396 Md. 256, 327 (2006)
and oursier V. Tawes, 178 Md. 471, 483 (1940).

unlawful conduct, including damages resulting from
the unlawful Pretrail detention

D.) An order and judgement granting reasonable
attorneys' fees and costs Pursant to 42 U.S.C. 1988
and any other relief this court deems Just and Proper.

Respectfully submitted;
Jerez Coleman
115 West Dover Street
Easton, MD 21601

Certificate of Service

I, Jerez coleman, hereby, certify that on september 14th,
2022, a copy of the foregoing class Action civil rights
complaint was electronically filed. Notice of this filing will
be sent by email to all Parties by operation of the courts
electronic filing system. Parties may access this
filing through the courts CM/ECF system.

/s/ Jerez coleman