IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JEREZ COLEMAN,

    Plaintiff,

v.

JUDGE STEPHEN KEHOE,
CITY OF TALBOT COUNTY, MD.,
DEPUTY COUNTY ATTORNEY
  JOSEPH COALE,
BRIAN FROSH,
JUDGE SYDNEY CAMPEN,
AMANDA TONDIH,
TERRY KOKALIS,
DEPUTY DIRECTOR CHRISTINA TYLER,

    Defendants.

Civil Action No.: JKB-22-2443

**MEMORANDUM**

On September 26, 2022, the Court received the above-entitled civil rights complaint together with a Motion for Leave to Proceed in Forma Pauperis, which the Court now grants. After his initial filing, Plaintiff Jerez Coleman also filed Motions to Certify Class, have the Attorney General file a Statement of Interest, and to appoint counsel. ECF Nos. 5–7. For the reasons stated below, the complaint must be dismissed and the pending motions denied.

**I.**     **Background**

Plaintiff Jerez Coleman, who was a detainee at the Talbot County Detention Center ("TCDC") at the time he filed this complaint, alleges that Talbot County has an unconstitutional schedule for bail amounts that are applied to criminal defendants, such as himself, without regard to their ability to pay. He explains that bail amounts are "set generically by reference to the alleged offense or arrest," and do not include "individualized factors." ECF No. 1 at 6. According to

Coleman, he was "not allowed by the judicial officer to seek an individualized determination of bail." *Id.*

On March 4, 2022, Coleman was arrested and charged with theft ($25,000 to under $100,000), identity theft, and fraud. *Id.* at 8. Coleman was told that he could secure his release from TCDC if he paid cash in the amount of $50,000, an amount set by Judge Kehoe on March 11, 2022. *Id.* at 8–9. Coleman claims Judge Kehoe did not seek alternatives to his pre-trial detention, nor did the judge enquire about his ability to pay. *Id.* at 9. At a subsequent hearing before Judge Sidney S. Campen, Coleman's argument regarding his bail was not permitted. *Id.* Coleman seeks to litigate his claim as a class action on behalf of all others who are similarly situated. *Id.* at 11, ECF No. 5.

Previous to the instant complaint, Coleman filed a Petition for Writ of Habeas Corpus alleging constitutional rights violations in connection with the bail amount set in his case. *Coleman v. Taylor, et al.*, Civil Action JRR-22-1985 (D. Md. 2022) (hereinafter "*Coleman I*").[1] This Court takes judicial notice of the State court records filed in *Coleman I*.[2]

In an Answer filed on behalf of the Respondents in *Coleman I*, the history of Coleman's pre-trial incarceration was explained. The charges at issue in Talbot County were initially filed on November 18, 2018 and were *nolle prosequi* in the Talbot County District Court on July 2, 2019. *Id.* at ECF No. 12-1 at 31, ¶1. The State's Attorney for Talbot County recharged Coleman by way

---

[1] Coleman's petition was dismissed as moot on September 27, 2022 because he was no longer being held pursuant to the challenged bail; rather, he was being held without bail because he was found not competent to stand trial and a danger to himself. *Coleman I* at ECF No. 13. At the time the Answer was filed in that case, Coleman was awaiting transfer to a Department of Health facility. *Id.* at ECF No. 12.

[2] Pursuant to Fed. R. Evid. 201(b), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

of Information; at that time, Coleman was serving a sentence imposed by the Harford County District Court and was held at Eastern Correctional Institution. *Id.*

Relevant to Coleman's bail, a status hearing was scheduled for the Talbot County case on August 21, 2020, but Coleman failed to appear. *Coleman I* at ECF No. 12-1 at 41. The hearing was rescheduled for September 18, 2020, but Coleman again failed to appear. *Id.* at 42. That day, the court issued a bench warrant for Coleman's arrest. *Id.* Coleman was arrested on December 2, 2020, and on the following day, a bail/bond review was held and bond was set at $2,000. *Id.* at 46. Coleman was permitted to post 10% and posted bail the next day. *Id.*

On July 30, 2021, another hearing was held but Coleman again failed to appear. *Coleman I* at ECF No. 12-1 at 56. The court ruled that Coleman's corporate bond was forfeited and issued a bench warrant for his arrest. *Id.* at 57–61; *see also Coleman II* ECF No. 6 at 1–2.

On March 9, 2022, Coleman was arrested. *Coleman I* at ECF No. 12-1 at 62. On March 11, 2022 Coleman's bond was set at $50,000. *Id.* at 64–66. Following that decision, Coleman sought review of the bond amount on six different occasions between March 11, 2022 and April 22, 2022. *Id.* at 67–71, 72–103. All of his motions were denied. *Id.* at 72–74, 82.

## II. Pending Motions

As noted, Coleman seeks to have a class action certified in connection with his claim that bail schedules in Talbot County are unconstitutional. ECF No. 5. Coleman requests that the United States Attorney file a statement of interest in this case pursuant to 28 U.S.C. § 517 (ECF No. 6) and also seeks appointment of counsel.

Class actions are governed by Federal Rule of Civil Procedure 23. A pro se litigant may not file a class action lawsuit; appointment of counsel is required. Fed. R. Civ. P. 23(g). The prerequisites for class certification are provided in Rule 23(a), which provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
>
> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

The gravamen of Coleman's Complaint is that he was not given individualized consideration by the Circuit Court for Talbot County when his bail was set. Outside of his unadorned assertion that there is a "schedule" of bail amounts that are enforced regardless of ability to pay, he does not sufficiently allege that such a practice exists in Talbot County, nor has Coleman provided any factual allegations concerning other members of the suggested class. Thus, it cannot be discerned whether there are questions of law or fact common to the class, nor can it be determined if the claims or defenses of the representative parties are typical for the class. The motion shall therefore be denied.

Coleman's Motion for the United States Attorney to file a statement of interest in this case pursuant to 28 U.S.C. § 517 must also be denied. There is no mechanism within that statute for a party, or this Court, to invite the involvement of the United States Attorney. Rather, that "section merely authorizes the Attorney General to send the Solicitor General or another officer of the United States to attend to the nation's interest in court proceedings" and "does not require or even provide for a court to request the participation of the United States." *Baragona v. Kuwait & Gulf Link Transp. Co.*, 691 F. Supp. 2d 1351, 1369 (N.D. Ga. 2009), *aff'd sub nom. Baragona v. Kuwait Gulf Link Transp. Co.*, 594 F.3d 852 (11th Cir. 2010). The motion shall therefore be denied.

In his Motion to Appoint Counsel, Coleman cites his poverty and his incarceration as a basis for his motion. ECF No. 7 at 1. He also states that a trial in this case is likely to involve

4

conflicting testimony. *Id.* A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is discretionary. *See Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). There is no absolute right to appointment of counsel; an indigent claimant must present "exceptional circumstances." *See Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987). Exceptional circumstances exist where a "pro se litigant has a colorable claim but lacks the capacity to present it." *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989) (holding that 28 U.S.C. § 1915 does not authorize compulsory appointment of counsel). Exceptional circumstances also include litigants who "is barely able to read or write," *Whisenant* at 162, or clearly "has a colorable claim but lacks the capacity to present it," *Berry v. Gutierrez*, 587 F. Supp. 2d 717, 723 (E.D. Va. 2008). Upon careful consideration of the motions and previous filings by Coleman, the Court finds that he has demonstrated the wherewithal to either articulate the legal and factual basis of his claims himself or secure meaningful assistance in doing so. No exceptional circumstances exist that warrant the appointment of an attorney to represent Coleman under § 1915(e)(1).

### III. Standard of Review

Coleman filed this Complaint in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this Court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This Court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as the instant complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id.* at 93

(citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . . It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White*, 886 F.2d 721, 722–23 (4th Cir. 1989). Additionally, because Coleman is incarcerated, the provisions of 28 U.S.C. § 1915(e)(2) apply. Under those provisions a case shall be dismissed at any time if the court determines that the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

## IV. Analysis

It is clear from the State record of Coleman's arrest and detention that the allegation that his bail was set without regard to individualized factors is false.[3] His bail was set at $50,000 after he failed to appear for three different court dates. *See* Md. Rule 4-216.1(f)(2)(B) (factors to consider for pretrial release include defendant's prior record of failure to appear at court proceedings). Coleman has failed to demonstrate that any allegedly deficient policy was applied to his case when bail was set, outside of the fact he failed to appear at scheduled court appearances. In addition, to the extent Coleman invites this Court to enjoin the Talbot County courts from setting

---

[3] This court takes judicial notice of the content of its own files. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("'The most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.'"); *Mann v. Peoples First Nat'l Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving trial court's taking judicial notice of proceedings had before it in prior suit with same parties).

bail or to revisit the bail set in his case, this Court must abstain from rendering decisions in an ongoing State criminal trial. *See Younger v. Harris*, 401 U.S. 37 (1971), *see also Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 165 (4th Cir. 2008) (federal courts must abstain from interfering in State proceedings if there is an ongoing state judicial proceeding implicating an important State interest that provides an adequate opportunity to raise the federal constitutional claim raised in the federal lawsuit).

The complaint fails to state a claim on which relief may be granted and will be dismissed by separate Order which follows. When a complaint filed by a prisoner is dismissed in its entirety for failure to state a claim it qualifies as a "strike" under the provisions of 28 U.S.C. § 1915(g). *See Blakely v. Wards*, 738 F.3d 607, 610 (4th Cir. 2013) (dismissal of complaint on grounds enumerated in § 1915(g), and not procedural posture at dismissal, determines whether the dismissal qualifies as a strike). Plaintiff is reminded that under 28 U.S.C. § 1915(g) he will not be granted *in forma pauperis* status if he has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it . . . fails to state a claim upon which relief may be granted, unless" he can establish he "is under imminent danger of serious physical injury." The Clerk will be directed to mark this case as a strike.

Dated this 6 day of April, 2022.

FOR THE COURT:

James K. Bredar
Chief Judge